UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CORY A. HORTON, SR., *Plaintiff*, | | |
| v. | | No. 3:22-cv-273 (JAM) |
| PATRICIA NELSON *et al.*, *Defendants*. | | |

## ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED

Plaintiff Cory Horton has filed a *pro se* complaint alleging that he has been subjected to unconstitutional child-custody and child-support orders. But because his complaint does not appear to allege facts that give rise to a claim over which the Court may exercise jurisdiction and for which it may grant relief, the Court issues this order to show cause to require Horton either to file an amended complaint that overcomes the concerns stated in this ruling or to file a response that explains why the complaint should not be dismissed.

### BACKGROUND

In 2013, the Connecticut Superior Court's Family Division denied Horton custody of his son, awarded custody to the son's mother, and ordered Horton to pay the mother child support.[1] The state court docket reflects that judgment entered in August 2013.[2]

In 2021, Horton moved to reopen the custody proceedings when he learned that the Connecticut Department of Children and Families had brought neglect proceedings against the mother.[3] The state docket reflects that the case upon reopening remains pending.

---

[1] Doc. #1 at 18–19, 26.
[2] State of Connecticut Judicial Branch, *Superior Court Case Look-up*, https://perma.cc/ZQ8C-33VZ; *see Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (holding that "docket sheets are public records of which the court could take judicial notice" in deciding a motion to dismiss).
[3] Doc. #1 at 18.

1

Horton alleges in broadly discursive terms that these state proceedings have violated the Constitution. He believes that child support is unconstitutional.[4] He also believes that the officials handling his case had conflicts of interest because they had financial incentives to rule against him.[5] He adds that they infringed on his constitutionally protected parental rights by denying him custody without a good reason.[6] He also believes that the court "discriminated against [him]" because of his "gender, disabilities and possibly race."[7] Next, he says that he was deprived of due process because he did not get a jury trial and was subjected to "modern day bills of attainder."[8] And finally, he claims that he was not given adequate notice of the proceedings.[9]

Beyond the Constitution, Horton also believes that the state court has violated his federal statutory rights. Specifically, he objects to his obligations under the Title IV-D Social Security program, which helps custodial parents enforce child-support judgments. *See* 42 U.S.C. § 651 *et seq.*; *Blessing v. Freestone*, 520 U.S. 329 (1997). Horton argues that he should not be "enrolled as a participant in Title IV-D" because the program violates his parental rights, was not administered fairly, and is (he believes) voluntary, as well as because his son's mother is a bad parent.[10]

Horton has filed this lawsuit under 42 U.S.C. § 1983. He sues the mother of his child; the mother's lawyers; the Connecticut Judicial Branch, the Judicial Review Council, the Connecticut Attorney General's Office, the Connecticut Department of Children and Families, and numerous

---

[4] *Id.* at 8–9, 24.
[5] *Id.* at 12, 19.
[6] *Id.* at 19–20.
[7] *Id*. at 19.
[8] *Id.* at 13.
[9] *Id.* at 19–20.
[10] *Id.* at 16–17.

officials or employees of these agencies.[11] He asks for $10 million in damages and for "an immediate dismissal of all custody orders previously issued and granting of full custody" of his son.[12]

<strong>DISCUSSION</strong>

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). If a plaintiff is proceeding *pro se*, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (*per curiam*).[13] Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Horton may promptly respond or file an amended complaint that addresses these concerns.

Federal courts recognize a "domestic relations" exception to their jurisdiction. "As a general matter, the domestic relations exception provides that federal courts will not exercise subject matter jurisdiction where a federal court is asked to grant a divorce or annulment, determine support payments, *or award custody of a child.*" *Thomas v. Martin-Gibbons*, 857 F. App'x. 36, 38 (2d Cir. 2021) (emphasis added). Thus, the Second Circuit in *Thomas* affirmed

---

[11] *Id.* at 6–7.

[12] *Id.* at 26.

[13] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

dismissal on grounds of the domestic relations exception of a lawsuit for money damages and injunctive relief that sought to challenge a state court's child custody order. *Id.* at 38–39.

In addition, most of Horton's complaint is directed at the 2013 judgment of the Connecticut Superior Court. But the *Rooker-Feldman* doctrine jurisdictionally bars federal courts from hearing "cases that function as *de facto* appeals of state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018). In order for the *Rooker-Feldman* doctrine to apply, "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* at 645.

The *Rooker-Feldman* doctrine appears to apply here. Horton lost in Connecticut court; he was allegedly injured by that judgment; he is now explicitly asking me to vacate that judgment and grant him custody; and the judgment was issued several years before he filed this lawsuit in 2022. Accordingly, it does not appear that this Court has jurisdiction to consider any challenge by Horton to the terms of the 2013 state court judgment. *See Thomas*, 857 F. App'x. at 38 (concluding that *Rooker-Feldman* doctrine barred challenge to prior state court custody judgment).

Moreover, it appears that the statute of limitations also forecloses Horton's challenge to the 2013 judgment. A plaintiff must bring a § 1983 claim within three years of when he "kn[ew] or ha[d] reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002); *see Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Therefore, Horton should have filed any § 1983 claim not later than 2016, rather than

4

waiting until 2022. Horton does not allege facts to suggest that the limitations period should be subject to equitable tolling.

Apart from all these obstacles, there appear to be additional reasons to justify dismissal of parts of the complaint. First, Horton's complaint includes broad challenges to the constitutionality of child support and to the Title IV-D program but without alleging additional facts to show when and how he has been adversely affected by specific child support orders.

Second, Horton names a very large number of defendants, but the body of the complaint does not describe what each one of these defendants personally did to violate Horton's rights. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).

Third, Horton names as defendants a number of state government entities. But the Eleventh Amendment and related principles of state sovereign immunity generally divest the federal courts of jurisdiction over lawsuits by private citizens against the States, any state government entities, and any state government officials in their official capacities. *See generally Lewis v. Clarke*, —— U.S. ——, 137 S. Ct. 1285, 1290–91 (2017); *T.W. v. N.Y. State Bd. of L. Examiners*, 996 F.3d 87, 92 (2d Cir. 2021).

## CONCLUSION

It appears that the complaint does not allege facts to establish a plausible ground for relief and is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). The Court intends to dismiss this action unless Horton either files an amended complaint that overcomes the concerns stated in this ruling or files a response explaining why the initial complaint should not be

dismissed. Any amended complaint or other response to this order to show cause must be filed

not later than **February 14, 2023**.

It is so ordered.

Dated at New Haven this 31st day of January 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge